IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS MARSHALL, et al, ) | |
| ) | |
| Plaintiffs, ) | Case No. CV05-139-N-EJL |
| ) | |
| vs. ) | MEMORANDUM ORDER |
| ) | |
| McCOWN DELEEUW & COMPANY, ) | |
| ) | |
| Defendant. ) | |

      Pending before the Court in the above-entitled matter are the Defendant's motion to dismiss and Plaintiffs' motion to conduct jurisdictional discovery. In addition, Defendant has filed objections to Plaintiffs' evidence submitted in opposition to the motion to dismiss. The matters are fully briefed and ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Factual and Procedural Background**

      The complaint in this action alleges violations of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 *et. seq.*, relating to the mass layoffs of employees by the Brown Schools Enterprise ("Brown"). Brown operated various boarding schools and educational facilities in Idaho, Texas, California, Florida, and Vermont. Plaintiffs are a class of individuals who were employees of Brown and ultimately laid off after Brown filed bankruptcy without receiving the sixty-days notice required by WARN. 29 U.S.C. § 2102(a).

The action is brought against Defendant McCown, DeLeeuw & Co., Inc. ("McCown"), a private equity investment firm, which is incorporated and located in California. The complaint alleges McCown "owned and controlled" Brown because 1) George McCown, a principal of McCown, was a member of the Brown board of directors; 2) the president and chief executive officer of Brown, Fenton Talbot, was an employee of McCown; 3) Mr. Talbot was one of three signors of the Brown board of directors consent authorizing the filing of bankruptcy; 4) McCown controlled the mass layoffs by authorizing and directing the filing of Brown's bankruptcy; 5) McCown was a substantial owner of Brown; and 6) McCown is a secured creditor of Brown and used its position to gain control and management over Brown ultimately resulting in Brown's filing of bankruptcy. (Dkt. No. 1). Defendant has filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) asserting the Court is without personal jurisdiction over McCown because it has no contacts with Idaho and has no relation to Brown. Plaintiffs have responded arguing that Brown in simply a shell entity of McCown and that McCown's control over Brown makes it subject to liability. Plaintiffs have also filed a motion seeking to conduct jurisdictional discovery prior to the Court granting the motion to dismiss, to which McCown objects.

**Discussion**

1) <u>Motion to Dismiss and Motion to Continue</u>:

On a Rule 12(b)(2) motion to dismiss "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." <u>Schwarzenegger v. Fred Martin Motor Co.</u>, 374 F.3d 797, 800 (9th Cir. 2004) (citation omitted). "Where, as here, the motion is based on written materials rather than an evidentiary hearing, 'the plaintiff need only make a prima facie showing of jurisdictional facts." <u>Id.</u> The court's inquire then asks whether the pleadings and affidavits make such a showing of personal jurisdiction. <u>Id.</u> In satisfying this burden, the plaintiff cannot "simply rest on the bare allegations of its complaint." <u>Id.</u> The court, however, accepts as true Plaintiff's uncontroverted allegations, and resolve in its favor factual conflicts contained in the parties' filings. <u>Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.</u>, 284 F.3d 1114, 1119 (9th Cir. 2002) (<u>AT & T Co. v. Compagnie Bruxelles Lambert</u>, 94 F.3d 586, 588 (9th Cir. 1996)).

McCown maintains it has no contacts, control, or relationship with Brown and, furthermore, that it has no contacts with Idaho upon which it would be subject to jurisdiction. In particular, McCown notes that it ceased business operations in December of 2001 and the actions complained of in the complaint occurred in March of 2005. Plaintiffs argue McCown has created several entities all of which involve the same individuals and one such entity is Brown. As such, Plaintiffs have also filed a motion to amend the complaint to add the individuals as named Defendants in this action; to which the Defendant has objected. Plaintiffs contend they have demonstrated facts and allegations sufficient to demonstrate personal jurisdiction is proper in light of the interrelationship between McCown and Brown. Specifically, Plaintiffs assert that McCown listed Brown in its portfolio of companies and identified itself as the principal shareholder in Brown. Further, Plaintiffs allege that the Brown board of directors were closely tied and, in some cases, the same individuals as the owners of McCown. In sum, Plaintiffs argue McCown exercised control over Brown such that it was Brown's alter ego and, therefore, subject to jurisdiction. To the extent their showings are insufficient the Plaintiffs have filed their motion for leave to conduct judicial discovery.

Courts are afforded wide discretion in deciding whether to allow parties to conduct jurisdictional discovery while a motion to dismiss is pending. See Data Disc, Inc. v. Systems Tech. Assocs, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). "[W]here pertinent facts bearing on the question of jurisdiction are controverted...or where a more satisfactory showing of the facts is necessary" courts should allow for discovery. Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n. 24 (9th Cir. 1977). Discovery is not necessary "when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction." Id.

Having reviewed the parties' arguments and supporting evidence, the Court concludes that it is appropriate to allow Plaintiffs to conduct jurisdictional discovery in this matter. Plaintiffs have demonstrated that there may exist some connections between Brown and McCown but the record is not sufficiently clear as to whether any such connections will demonstrate alter ego status sufficient to warrant exercising personal jurisdiction over McCown in this matter. Defendant, however, argues the Plaintiffs must make some showing of jurisdiction prior to being allowed further discovery. This argument has been rejected in this District and in other courts of this circuit.

See National Union Fire Insurance Co. of Pittsburgh, PA, v. Aerohawk Aviation, Inc., 259 F.Supp.2d 1096, 1105 (D. Idaho 2003); Orchid Biosciences, Inc. v. St. Louis Univ., 198 F.R.D. 670, 673 (S.D. Cal. 2001). Allowing such discovery will not prejudice the defense in this matter.

2) Motion to Amend Complaint:

Plaintiffs have also filed a motion to amend the complaint to add several new Defendants including the individuals and entities associated with McCown. The motion is made pursuant to Federal Rule of Civil Procedure 15(a) which provides that leave to amend shall be "freely given when justice so requires." Defendant opposes the motion arguing that the motion to dismiss should be granted and that personal jurisdiction over the newly added Defendants does not exist.

Having reviewed the parties briefs and the record herein, the Court finds the interests of justice warrant granting the motion. Because Plaintiffs' claims and arguments relate to the newly named Defendants, it necessarily will require that the Court confront the jurisdiction issue as to all Defendants at some point. It is prudent for the Court and counsel to address the personal jurisdiction questions as to all potential Defendants at one time. This advances the interests of judicial economy as it will require only one round of jurisdictional discovery and motions to dismiss. Therefore, the Court will grant the motion to amend the complaint and direct the parties to conduct jurisdictional discovery as to all of the named Defendants as directed in this order.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court hereby orders as follows:

1) Plaintiffs' Motion to Continue (Dkt. No. 13) is **GRANTED** and Defendant's Motion to Dismiss (Dkt. No. 6) and Motion to Strike (Dkt. No. 27) are **DISMISSED WITHOUT PREJUDICE** subject to renewal. The parties shall, in good faith, conduct discovery on the issue of personal jurisdiction within sixty days from the date of this order. The applicable Federal and Local Rules shall apply to all phases of discovery. At the completion of this discovery period, if necessary, Defendant shall have twenty (20) days in which to renew its motions by filing a notice with the Court. The parties shall then have twenty (20) days from the date of that notice in which to submit simultaneous briefing on the motion to dismiss addressing information revealed during discovery. Such briefing shall be no more than fifteen pages in length. The parties shall thereafter have ten (10) days in which to file responsive briefing of no more than ten pages in length. The Court will then rule upon the motion.

2)  Plaintiffs' Motion to Amend/Correct Complaint (Dkt. No. 14) is **GRANTED**. The discovery as to the personal jurisdiction question shall include the newly added Defendants.

3)  The telephone scheduling conference set for July 13, 2005 is **VACATED**. A scheduling order will be issued, if necessary, following the Court's ruling on the motion to dismiss.

DATED: **July 8, 2005**

*Edward J. Lodge* (signature)
Honorable Edward J. Lodge
U. S. District Judge