UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DOUGLAS MARSHALL, MASON JONES, CURTIS HEWSTON, and DOREEN DENIGRIS, for themselves and on behalf of all similarly situated people,<br><br>      Plaintiffs,<br><br>  vs.<br><br>McCOWN DE LEEUW & CO., INC., a California corporation; GEORGE E. McCOWN; McCOWN DE LEEUW & COMPANY; McCOWN DE LEEUW & COMPANY IV, L.P.; MDC MANAGEMENT COMPANY IV, L.P.; MDC MANAGEMENT COMPANY IV, LLC; McCOWN DE LEEUW & COMPANY IV ASSOCIATES, L.P.; MDC MANAGEMENT CO. III, L.P.; MDC MANAGEMENT COMPANY IIIA, L.P.; McCOWN DE LEEUW & COMPANY III (ASIA), L.P.; McCOWN DE LEEUW & COMPANY III, L.P.; McCOWN DE LEEUW & COMPANY III (EUROPE), L.P.; DELTA FUND, LLC; GAMMA FUND, LLC; and KIDS ACQUISITION, LLC,<br><br>      Defendants. | No. CV05-139-N-EJL<br><br><br><br>MEMORANDUM DECISION AND ORDER |

Pending before the Court in the above entitled matter are Plaintiffs' Motion to Compel/Extension of Time to Complete Jurisdictional Discovery and Plaintiffs' Motion to Shorten Time. Plaintiff has also filed a motion seeking expedited briefing and hearing on these motions. The Defendants have responded to the motion to expedite but not yet filed a response to the motion to compel. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1(d)(2).

**Discussion**

The complaint in this action alleges violations of the Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101 *et seq*. The claims are raised by former employees of The Brown Schools, Inc. ("Brown") against Defendant McCown DeLeeuw & Co., Inc. ("McCown") which is a private equity investment firm that the Plaintiffs allege owned and controlled Brown. Plaintiffs' allegations are that McCown's control over Brown, as its alter ego, subjects them to jurisdiction in Idaho by way of their contacts with Brown. Defendants brought a motion to dismiss for lack of personal jurisdiction to which Plaintiffs objected and filed a motion to continue seeking to engage in jurisdictional discovery. The Court entered an order granting the motion to continue and directing the parties to engage in jurisdictional discovery in good faith so as to determine whether McCown's relationship to Brown amounts to an alter ego status sufficient to warrant the Court exercising jurisdiction over McCown. (Dkt. No. 40). The order set a time line for engaging in such discovery and dismissed without prejudice Defendants' motion to dismiss, subject to renewal, following the completion jurisdictional discovery.

Plaintiffs have now filed the instant motion to compel asserting the parties have been unable to agree on the scope of discovery and, thus, requesting the Court to direct Defendants to respond to their discovery request and for additional time for completing discovery. Plaintiffs assert the Defendants' proposed protective order was unreasonable and the parties disagree as to the scope of the discovery, including the type of discovery and the applicable time frame of the discoverable information. Defendants appear to seek to limit discovery to only McCown's direct contacts with Idaho. On the other hand, Plaintiffs seek to pursue discovery as to McClown's control over certain other entities which Plaintiffs allege are alter egos of McClown. Defendants opposition to the motion to expedite notes that the Defendants believed the parties had just begun discussions regarding discovery when Plaintiffs filed these motions and appear to suggest that the motions are premature and fail to reflect the parties' discovery discussions.

The instant motions reflect the parties' apparent attempts to accomplish jurisdictional discovery.

Having reviewed the short record in this case and the arguments of counsel the Court orders counsel for both parties to confer and cooperate in accomplishing the jurisdictional discovery.  The Court's previous order quite simply directed the parties to engage in fruitful discovery so as to allow the parties and the Court to determine whether this Court may properly exercise personal jurisdiction over the Defendants, nothing more.  The parties' disagreements as to the scope of the order reflects posturing by the parties instead of a good faith effort to comply with the order.  The impasse at which the parties find themselves is not one which necessitates a hearing or involvement by the Court but, instead, reasonable cooperation between counsel.  The Court will not hold a hearing to resolve every disagreement the parties encounter.  Instead the parties are ordered to do as they were previously instructed and complete jurisdictional discovery in good faith.  To that end, the Court will deny Plaintiffs' motion to expedite and, at this time, deny the motion to compel subject to renewal if necessary.  To the extent the Court's previous sixty-day deadline for completing discovery becomes an issue the parties shall jointly file a stipulation identifying the reasons discovery could not be completed and requesting additional time to finalize discovery.

## ORDER

Based on the foregoing and being fully advised in the premises, the Court **DENIES** Plaintiffs' Motion to Compel (Dkt. No. 42) subject to renewal.  The Motion to Expedite is also **DENIED** (Dkt. No. 45).

DATED:  **August 9, 2005**

Honorable Edward J. Lodge
U. S. District Judge